### JESSE HAYNES *v.* THOMAS G. SLACK et al.

INFANCY: TRUSTEE NOT COMPELLABLE TO PAY TO ASSIGNEE OF INFANT.—Infancy is so far not exclusively a personal privilege, that a trustee may refuse to pay to the assignee of an infant, his share in the trust estate.

APPEAL from the Probate Court of Clarke county. Hon. John N. M'Kee, judge.

*Freeman* and *Dixon*, for appellant.

*George L. Potter*, for appellees.

FISHER, J., delivered the opinion of the court.

This was a petition filed in the Probate Court of Clarke county, by the appellees, alleging that one Jacob S. Slack died intestate in said county, leaving, as part of his estate, a certain tract of land ; that letters of administration were granted to the appellant ; that the land being so situated that it could not be equally divided among the several heirs-at-law, it was ordered to be sold by the administrator, and the proceeds of the sale to be equally divided among the said heirs. The sale having been made, and the money realized, the petition prays that the share of the appellee, Thomas G. Slack, be decreed to the appellee, Arrington, to whom the same had been assigned by the said Thomas G. Slack.

The answer sets up as a defence, that the appellee, Thomas G. Slack, was, both at the date of the transfer; and of filing the petition, a minor; but the court, upon the hearing, overruled this defence, and rendered a decree according to the prayer of the petition.

The proof is positive that Thomas G. Slack was born in March, 1834. The petition was filed in August, 1854, and from which it clearly appears that he was a minor, as alleged in the answer. But it is said that infancy is a personal privilege, and cannot be interposed as a defence by a third party. This may be true, as a general rule, but is not true in a case like the present, where the heir must have legal capacity to execute the proper acquittance to the administrator, before he can insist upon payment of his share of the money. Thomas G. Slack having no power to execute an acquittance, which would bind him, could not, by the transfer, invest his assignee, Arrington, with such power.

Decree reversed, and petition dismissed.